**FILED**
**June 13, 2023**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Lewis Kelly Dailey,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0882** (Marion County CC-24-2020-C-28)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lewis Kelly Dailey appeals the October 1, 2021, order of the Circuit Court of Marion County denying his petition for a writ of habeas corpus following his convictions for three counts of third-degree sexual assault.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the denial of habeas relief is appropriate. *See* W. Va. R. App. P. 21.

As we set forth in petitioner's direct appeal:

In September of 2013, petitioner was arrested after having sexual intercourse with a fourteen-year-old girl. Thereafter, petitioner was indicted on one count of sex trafficking of a minor, three counts of third-degree sexual assault, and three counts of second-degree sexual assault.

In June of 2014, petitioner and the State reached a plea agreement whereby petitioner would plead guilty to three counts of third-degree sexual assault, resulting in a maximum sentence of not less than three nor more than fifteen years of incarceration. Further, the State agreed to dismiss several felony counts carrying the potential of between thirty-three to ninety years of incarceration. The State further recommended that any sentences imposed would run concurrent with a separate criminal sentence imposed in Harrison County, West Virginia. However, the written plea agreement specifically stated that, pursuant to Rule 11(e)(1)(B) of the West Virginia Rules of Criminal Procedure, the circuit court was not bound to

---

[1]Petitioner is represented by counsel Edward L. Bullman, and respondent is represented by counsel Attorney General Patrick Morrisey and Assistant Attorney General Mary Beth Niday.

accept the recommendation.

The circuit court then held a plea and sentencing hearing. During the hearing, the circuit court asked petitioner if anyone had guaranteed he would receive concurrent sentences, and petitioner replied in the negative. Ultimately, the circuit court imposed sentences that were to run consecutively to one another and consecutively to the separate Harrison County sentence. The circuit court made this decision based upon the specific facts of the case, including the fact that the child was missing for three days while petitioner and a co-defendant committed multiple sex acts with the victim and based upon victim impact statements.

*State v. Dailey*, No. 14-0807, 2015 WL 6181494, at *1 (W. Va. Oct. 20. 2015) (memorandum decision).

On December 10, 2015, petitioner filed a renewed motion for reconsideration requesting that the circuit court honor the original plea agreement with the State and run petitioner's sentences in Marion County concurrent with his sentence in Harrison County, citing petitioner's assistance with the prosecution of his co-defendant, James Dodrill. The court denied that motion by order entered on January 12, 2016.

Petitioner filed his petition for a writ of habeas corpus as a self-represented litigant on February 10, 2020, and an amended petition was filed by appointed counsel. As the circuit court found in its October 1, 2021, order denying the amended petition, the crux of petitioner's claim was that his trial counsel was ineffective because counsel failed to review the results of the DNA testing with petitioner prior to the entry of his plea and failed to file a motion to suppress his confession to law enforcement that he had engaged in sexual intercourse with the victim. Petitioner also argued that his sentence was disproportionate to his co-defendant's because the DNA test results showed that his co-defendant was arguably more culpable than he. After hearing testimony during an omnibus evidentiary hearing, the circuit court found trial counsel's testimony to be more credible than petitioner's with regard to the DNA test results and that counsel made a strategic decision as to petitioner's confession based on his conclusion that there was no evidence to support a motion to suppress. The circuit court also determined that because petitioner pled guilty to three counts of third-degree sexual assault while Mr. Dodrill pled guilty to only one count, it could not be said that petitioner's sentence shocks the conscience or that his sentence is disproportionate to Mr. Dodrill's sentence. Petitioner appeals from that order.

In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, M*athena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner sets forth two assignments of error. He first argues that his trial counsel was ineffective because he failed to file a motion to suppress his confession given to law

enforcement officers upon his arrest. Without citing to the record, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, petitioner asserts that his confession was a result of coercion by police. He contends that he was removed from a residence, held at gunpoint, and confessed while still handcuffed. In addition, petitioner argues that DNA testing showed that his DNA was found only on the victim's breast, and that his counsel failed to alert him to this fact. Had he been aware of the DNA results, he argues, he would not have pled guilty to three counts of third-degree sexual assault.

As we have held,

> [i]n cases involving a criminal conviction based upon a guilty plea, the prejudice requirement of the two-part test established by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), demands that a habeas petitioner show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Syl. Pt. 6, *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 528 S.E.2d 207 (1999). In addition, we recently reiterated,

> "'[w]here a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused.' Syl. Pt. 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974)." Syllabus Point 3, *State v. Frye*, 221 W. Va. 154, 650 S.E.2d 574 (2006).

Syl. Pt. 3, *Goodman v. Searls*, -- W. Va. --, 885 S.E.2d 534 (2022).

In this case, petitioner's trial counsel testified at the omnibus hearing that he discussed the DNA report with petitioner "at some point prior to his plea[,]" elaborating that they "discussed that there were some favorable points in the DNA analysis" but that he emphasized to petitioner that his DNA was found on the victim's breast. Counsel explained that "when it comes down to it, it was a calculation of the risk based on his confession, as well as based on the potential of what he faced in the event he would have been convicted on any of the second degree sexual assaults or the kidnapping." Counsel also testified that he did not believe there was evidence to support the suppression of petitioner's statement, and he did not recall petitioner saying anyone "had a gun on him" at the time of his interrogation. With regard to the conflicts between the testimony of petitioner and his trial counsel, the circuit court found counsel to be more credible, noting that it was mindful of petitioner's testimony at the evidentiary hearing that he "would have told the [c]ourt that the sky was black in order to not get a life sentence." We will not disturb the circuit court's credibility determination. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The circuit court articulated its credibility determination and we, therefore, find no error in the circuit court's denial of petitioner's petition

3

for habeas relief on the ground of ineffective assistance of counsel.

With regard to petitioner's second assignment of error, in which he characterizes his sentence as disproportionate to that of his co-defendant, we have held that

> [d]isparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984). Petitioner and Mr. Dodrill are not similarly situated because petitioner pled guilty to three counts of third-degree sexual assault while Mr. Dodrill pled guilty to only one count. Further, petitioner waived his presentence investigation report ("PSI"), and the appendix record does not include Mr. Dodrill's PSI, so there is no way to compare their prior criminal records, rehabilitative potential, or lack of remorse. For these reasons, we cannot find that petitioner's sentence is disproportionate to that of Mr. Dodrill. We, therefore, affirm the circuit court's denial of petitioner's petition for a writ of habeas corpus.

Affirmed.


**ISSUED:** June 13, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn